JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLWOOD APPAREL, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> PROTREND LTD. et al., <br><br> Defendants. <br><br> AND THIRD-PARTY CLAIMS | Case No. 2:20-cv-00214-MWF(JPRx) <br><br> Consolidated with: <br> Case No. 2:20-CV-08484-MWF-JPR <br><br> **ORDER GRANTING STIPULATION FOR DISMISSAL** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

The Court has received the Joint Stipulation of Plaintiff Kellwood Apparel, LLC ("Kellwood"), Third-Party Defendants Caren Lettiere and Joanna Wong, Defendant and Third-Party Plaintiff TAAD Group, Inc., doing business as "Protrend, Ltd" ("Protrend"), and Defendant Paul Pyo ("Pyo"), collectively the "Parties".

As provided in the Parties' stipulation, the Parties have agreed that all claims and Third Party Claims in the above-captioned case by or against any of the

aforementioned parties be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a).

The Parties, as well as Se Jong Yoon AKA David Yoon as Guarantor ("Guarantor) have further stipulated and agreed, including in their confidential settlement agreement ("Settlement Agreement") and in their settlement of this matter on the record before Magistrate Judge Rosenbluth, that this Court should retain jurisdiction to enforce the terms of the Settlement Agreement because the settlement agreement requires conduct to be completed over time. The parties and Guarantor have also entered into a guarantee of payment agreement ("Personal Guarantee"), a Stipulation for Entry of Judgment, and a deed of trust and security agreement ("Security Agreement"). The Parties and Guarantor further stipulate and agree that the Court shall retain jurisdiction to enter judgment upon Plaintiff's filing of a Stipulation for Entry of Judgment, on an *ex parte* basis, in the event that Defendants and/or Guarantor default in the performance of their obligations under the Settlement Agreement, the Personal Guarantee, Security Agreement, and/or the Stipulation to Entry of Judgment, without the need for a further hearing or trial.

Paragraph 15 of the Parties' Settlement Agreement provides: "The Parties agree that the United States District Court for the Central District of California, where the Action was filed, shall retain exclusive jurisdiction to enforce this Agreement, the Personal Guarantee, Security Agreement, and/or the Stipulation to Entry of Judgment against the Parties. The Parties therefore agree any dispute or controversy arising under, relating to, or in connection with this Agreement, the Personal Guarantee, Security Agreement, and/or the Stipulation to Entry of Judgment shall be resolved exclusively by the United States District Court for the Central District of California. The Parties further submit to the personal jurisdiction of the United States District Court for the Central District of California and waive any argument based upon jurisdiction or venue in the event that either Party seeks to enforce this Agreement, the Personal Guarantee, Security Agreement, and/or the Stipulation to Entry of

Judgment."

The Parties have further stipulated that, except as otherwise set forth in the Settlement Agreement, the Personal Guarantee, Security Agreement, and/or the Stipulation to Entry of Judgment, each party shall bear its own attorney's fees, costs, and litigation expenses in relation to this action.

## ORDER

Considering the Parties' stipulation, this Court Orders the following:

1. All of the claims and Third Party Claims in the above-captioned case by or against any of the aforementioned parties are hereby DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(a).

2. This Court shall retain jurisdiction to enforce the terms of the Settlement Agreement, the Personal Guarantee, Security Agreement, and the Stipulation to Entry of Judgment. This Court shall further retain jurisdiction to enter judgment upon Plaintiff's filing of a Stipulation for Entry of Judgment, on an *ex parte* basis, in the event that Defendants and/or Guarantor default in the performance of their obligations under the Settlement Agreement, the Personal Guarantee, Security Agreement, and/or the Stipulation to Entry of Judgment, without the need for a further hearing or trial.

3. Except as otherwise set forth in the Settlement Agreement, the Personal Guarantee, Security Agreement, and/or the Stipulation to Entry of Judgment, each party shall bear its own attorney's fees, costs, and litigation expenses in relation to this action.

**IT IS SO ORDERED.**

Dated: June 30, 2025

_____
MICHAEL W. FITZGERALD
United States District Judge